The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the 4th Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. Good morning and welcome to the 4th Circuit. Judge Wynn, Judge Rushing and I are pleased to be hearing your cases today. The first case on the docket is United States v. Edward J. Wass. Mr. Pugh. May it please the Court. The District Court dismissed this sworn in case based on two grounds, each of which is contrary to the consensus of the courts and to binding precedent. The first ground, the non-delegation doctrine, was decided last year by the United States Supreme Court judge, the case for which this appeal was held in abeyance. The second ground, the ex post facto clause, has been rejected by every circuit to have considered it and that includes this circuit in its decision in Gould. So why do you think we're here in this case? There are a few things to resolve. That is that Gundy is controlling despite the somewhat unusual split and a panel of unpublished decision in which the panel included you, Judge Wynn, has decided that, published authority on that could be useful. A second reason is to confirm that Gould is still good law. The circuit has continued to rely on Gould in unpublished decisions in the years since it's been passed. The District Court, however... Well why doesn't Underseal resolve that issue? Underseal, Your Honor? I'm not familiar with that. United States v. Underseal, 4th Circuit, from December, no excuse me, February 2013, regarding SORNA being non-punitive? Perhaps it does. I'm not familiar with that particular decision. The District Court's grounds for overturning or essentially undermining Gould were United States v. Carr. Carr is also what defense counsel here has relied on, excuse me, the appellee. But Carr did no such thing. Carr simply addressed the question of interstate travel, whether it was merely a jurisdictional element that could be... Let me cut you off if I might, Mr. Pugh. In Underseal, this Court held, we find that SORNA is a non-punitive civil regulatory scheme both in purpose and effect. The clearest proof sufficient to override the intent of Congress that SORNA's registration requirements are civil and non-punitive is absent in this case. Pretty definitive. Absolutely. So why are you arguing about Gould? Lewis, what do you have to add to that? Yeah. I don't believe I have anything to add to that. If that ruled that SORNA, in its initial requirements, were non-punitive, Gould decides that 2250 is non-punitive, and Gundy has decided, as this Court has recognized in two unpublished decisions, that the non-delegation doctrine issue is no longer an issue. If there are no further questions about any of those three issues, I'd simply ask that this Court reverse this report and reinstate the indictment. Okay. And you'll have an opportunity to come back on the rebuttal.  Thank you, Mr. Pugh. Mr. Brignac? Thank you, Your Honor. May it please the Court. Much like Mr. Pugh, I apologize, I was not aware of the Underseal case. If this Court has held that the SORNA regulatory scheme, despite the differences from Smith v. Doe, is regulatory and not criminal, that answers that question. I would also say, based on the government's 28-J letter, and I think the Gundy case finally having been resolved, I agree that there are five justices that helped. Just to be clear, the Gundy case was resolved when you filed your brief, wasn't it? Yes, Your Honor. There was a petition for rehearing in Gundy. The split was strange. I was trying to be zealous, and I was trying to make sure. You agree now, it is. I agree, Your Honor. It's not plain error. It is not plain error. Okay. It is not error. That unless and until the Supreme Court, you know, changes its mind effectively, I do think that the non-delegation issue, as we talked about in our brief, you know, does have resonance here because it does inform the ex post facto issue and does inform the constitutional avoidance issue we raise. But I would say, Judge Keenan, there are two aspects to SORNA. There's the law saying that you must register, which, again, if this court has held that that is civil, then that is civil. There is also the undisputedly criminal aspect of if you fail to register, if you must register, if you travel in interstate commerce or it's a federal sex offense, and if you fail to register, that's criminal. Mr. Wass was indicted. That's obviously criminal. And so our secondary argument regarding the ex post facto clause is that the need to register is triggered by an event. You must register if you're a sex offender. You are a sex offender if you committed a sex offense. So that is conduct that the defendant engaged in that was not criminalized under SORNA. SORNA didn't exist at the time he engaged in it, that now has criminal consequences. And the Gould case, when it addressed ex post facto, and again, I take your point, Judge Keenan, this is not about the nature of the registry itself. If you look at the Gould case at page 466, its discussion of the ex post facto clause was very much tied in to what was at that point an unresolved question about whether the defendant even needed to register before his state enacted SORNA. And the Carr case, if you look at footnote 2, did not touch this question as to whether a defendant actually needed to register. That the non-delegation issue was still bubbling up, there was still a circuit split. I think at the time it was the interim regulations and not the final regulations and there was questions about notice and comment. So even though in the Carr case, the Supreme Court did not discuss the ex post facto issue, the statute wasn't established. Your battle here is uphill, I take it you acknowledge, and when I've heard you argue many times, always excellent, and I'm not saying this is not excellent, but I know this is a difficult case. Actually, I looked at it and said, maybe you're teeing this up for the Supreme Court, I don't know what you're doing with it, but I think we're pretty much, we would be out there a bit if we didn't follow in terms of what's going on now. And given that, I'm willing to accept your arguments as they are and understand what they mean. Maybe, at least from my perspective, there's a relief somewhere beyond here. I just don't see it here, I'm just being frank with you because I don't like to engage in particular with someone of your caliber when I know there will be other instances in which I would want to deal with it differently. Right, and so right, the question, your honor, I think, if I may rephrase your question a bit is, is this foreclosed by Gould? And obviously as we argue in our briefs, Carr did not do that. And yeah, I understand, I took note of the fact that Mr. Pugh was up here for about 90 seconds. So I understand the court's position. Well, why don't you just answer the question, why is it not foreclosed by Gould? And the reason, your honor, is that it is not foreclosed by Gould because Gould held that the only relevant conduct for SORNA, and it held this pre-Carr, was the failure to register. That that's all that SORNA was punishing, is the failure to register, which obviously happened post enactment. Our position, which this court can adopt or not, and I agree this fails if this court does not adopt our position, is that the way Carr changed the framework and implicitly overruled Gould is that Carr established that no, there are three distinct elements that must be met. The need to register, which if you go through the statute effectively means you committed a sex offense, you travel, you then fail to register. And so the reason Gould does not foreclose it is because at the time of Gould, the only conduct this court thought needed to be engaged in was the failure to register. And our position is that Carr changes that. So again, I understand, Judge Wynn, I'm not here to waste the court's time. That's a good point. I do think, again, and if I may for another 30 seconds say, I do think the most interesting academic aspect of this case, I think, is constitutional avoidance in the arena where Congress has actually thrown up its hands and said, we don't want to deal with this. I think constitutional avoidance is generally seen as effectuating Congress's will versus the judiciary's power to rewrite a statute through interpretation. This is a little more interesting because Congress's will is, we have no idea, we'll let the Attorney General deal with that hot potato. Perhaps I should be writing a law review article instead of giving an oral argument on that point. But I do think, as we pointed out in our brief, there's at least a couple cases where the Supreme Court has not hesitated to use constitutional avoidance in the face of executive regulations or executive agency action. So if this court has no further questions, we would rest on those briefs. All right. Thank you. Thank you, Your Honor. Good to see you. Mr. Pugh, would you like to respond? Yes, Your Honor. Just one brief point. Carr had teed up the ex post facto issue and was going to look into it if they determined that the travel could be pre-enactment. Having concluded that the travel had to be post enactment, the court stated plainly that they didn't need to even look at it anymore. And we believe that squares fully with Gould. Whether you're looking at the failure to register or the travel, both of those happen post enactment. There is no ex post facto issue in that situation. And with that, if there are no further questions, we'd ask you to reverse the district court. All right, sir. Thank you. Thank both counsel for their presentation and we'll proceed to the next case.
judges: Barbara Milano Keenan, James A. Wynn Jr., Allison J. Rushing